UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-CR-71 |
| | ) | |
| MARTEL SCOTT (01) | ) | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Comes now United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Joseph P. Falvey, Assistant United States Attorney, and moves for entry of a Preliminary Order of Forfeiture for the reasons set forth below:

1. On October 9, 2024, a federal grand jury sitting in the Northern District of Indiana returned a four-count Indictment charging the defendant with among other counts, Count 1 - Distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2.

2. The Indictment sought forfeiture pursuant to 21 U.S.C. § 853, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offense. On November 22, 2024, an Amended Bill of Particulars was filed and described the following assets:

- Black 2019 Chevrolet Silverado seized on October 10, 2024, following the defendant's arrest;
- $200,100.00 U.S. Currency;
- $21,047.00 U.S. Currency;
- Glock 9-millimeter handgun bearing serial number BYWP125;
- Bathwa money counter and digital scale; and
- Ammunition and magazines.

3. On December 9, 2024, the defendant pled guilty to Count 1 of the Indictment pursuant to a written Plea Agreement. The defendant further consented to the forfeiture of the above-described property involved in the commission of the offense.

4. The court's jurisdiction in this matter is founded upon 21 U.S.C. §853, which provides for criminal forfeiture of certain property of a person convicted of an offense under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2.

5. Federal Rule of Criminal Procedure 32.2 provides, in relevant part:

> **(b)(1)(A) Forfeiture Determinations.** As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> **(b)(1)(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or

information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(b)(2)(A) Contents of a Specific Order.** If the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third-party's interest in the property. Determining whether a third-party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c).

**(b)(2)(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(b)(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon the Plea Agreement and the plea hearing, including the defendant's consent to forfeiture, the United States has established the

requisite nexus between the property and the offense to which the defendant has pled guilty. Accordingly, the above-described property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

7. Pursuant to Fed. R. Crim P. 32.2.(b)(6) and 21 U.S.C. § 853(n), and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of the Preliminary Order of Forfeiture. The United States shall also provide direct written notice of the Preliminary Order of Forfeiture to any person who reasonably appears to be a potential claimant with-standing to contest the forfeiture.

8. The notice shall provide that any person, other than the defendant, having or claiming a legal interest in the forfeited property must file a petition with the Clerk, United States District Court, 204 S. Main Street, South Bend, Indiana 46601, and serve a copy on Joseph P. Falvey, Assistant United States Attorney, 204 S. Main Street, Room M01, South Bend, Indiana 46601, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,

title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described herein and authorize the Attorney General and/or Department of Treasury, or a designee, to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Dated: February 26, 2025.

Respectfully submitted,

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By: *s/Joseph P. Falvey*
Joseph P. Falvey
Assistant United States Attorney
M01 Robert A. Grant Federal Bldg.
204 S. Main Street
South Bend, Indiana 46601
Tel: (574) 236-8287
Fax: (574) 236-8155
E-mail: Joseph.Falvey@usdoj.gov